1  Maurice Wainer (State Bar No. 121678)
2  SNIPPER, WAINER & MARKOFF
   270 N. Canon Drive, Penthouse
3  Beverly Hills, CA  90210
   Tel.: (310) 550-5770 ♦ Fax: (310) 550-6770
4  E-mail: Mrwainer@swmfirm.com
5
6  Michael H. Delbick (State Bar No. 139200)
   Paul A. Levin (State Bar No.: 229077)
7  Orlando Villalba (State Bar No.: 232165)
8  MORTGAGE RECOVERY LAW GROUP
   700 N. Brand Blvd., Suite 830
9  Glendale, CA 91203
10 Tel.: (818) 630-7900 ♦ Fax: (818) 630-7920
   E-mail: michael.delbick@mortgagerecoveries.com
11        paul.levin@mortgagerecoveries.com
12        orlando.villalba@mortgagerecoveries.com
13
   Attorneys for Plaintiff FEDERAL DEPOSIT
14 INSURANCE CORPORATION
15 as Receiver of IndyMac Bank, F.S.B.

16                    UNITED STATES DISTRICT COURT

17                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18 FEDERAL DEPOSIT INSURANCE<br>19 CORPORATION AS RECEIVER OF<br>   INDYMAC BANK, F.S.B.,<br>20 | CASE NO.:  LACV11-5418 GHK<br>(JEMx) |
| 21          Plaintiff,<br>22      vs. | **STIPULATED PROTECTIVE<br>ORDER [Discovery Document:<br>Referred to Magistrate Judge<br>John E. McDermott]** |
| 23 COMMERCE LAND AND TITLE, INC.,<br>24 d/b/a COMMERCE TITLE COMPANY,<br>   a Nevada corporation; ALI REZA<br>25 SHEKARCHIAN, an individual;<br>26 MOHAMMED REZA SHEKARCHIAN,<br>   an individual; and DOES 1 THROUGH<br>27 10, inclusive,<br>28 | |
|               Defendants. | |

**THIS IS A JOINT STIPULATION AND REQUEST BY THE PARTIES
AND THEIR RESPECTIVE COUNSEL OF RECORD:**

        **IT IS HEREBY STIPULATED AND AGREED** by the
undersigned parties to this action that a Protective Order be entered, subject to the
approval of the Court in this case as follows:

## I.   <u>PURPOSES AND LIMITATIONS</u>

        Disclosure and discovery activity in this action are likely to involve
production of confidential, proprietary or private information for which special
protection from public disclosure and from use for any purpose other than
prosecuting this litigation may be warranted.

        Accordingly, the parties hereby stipulate to and petition the Court to enter
the following Stipulated Protective Order.  The parties acknowledge that this Order
does not confer blanket protections on all disclosures or responses to discovery and
that the protection it affords from public disclosure and use extends only to the
limited information or items that are entitled to confidential treatment under the
applicable legal principles.  The parties further acknowledge, as set forth below,
that this Stipulated Protective Order does not entitle them to file confidential
information under seal; Civil Local Rule 79-5 sets forth the procedures that must
be followed and the standards that will be applied when a party seeks permission
from the Court to file material under seal.

### A.   <u>Definitions</u>

        1.    "Confidential Document" means any document produced that
bears the stamp or legend specified in Section II, Designation of Confidential
Information, below.

        2.    "Confidential Information" means a trade secret or other
confidential commercial information, sensitive or proprietary business or financial
information, personal information, or information furnished to the party producing
the information in confidence by a third party. The following categories of

documents, while not exclusive, are deemed to contain Confidential Information:

        a.    "Loan Origination Files" for the loans at issue in this litigation which include the borrower's private information, and other confidential or proprietary business records.

        b.    "Loan Servicing Files" for the loans at issue in this litigation which will include the borrower's private information.

        c.    "Foreclosure Files" for the loans at issue in this litigation which will include the borrower's private information.

        d.    "Repurchase Demand Files" for the loans at issue in this litigation which will include the borrower's private information, confidential business records, and other proprietary information.

        e.    "Personal Records" as defined by California Code of Civil Procedure §1985.3.

3.    "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4.    "Designating Person" means the Party or Person who initially produces the Document and marks it as "Confidential-Subject to Protective Order."

5.    "Party" or "Parties" means any person or entity that is named as a party to this litigation.

6.    "Person" means any natural person, or any legal or business

1   entity, profit or nonprofit organization, or any government agency.

2       7.   "Discovery Material" means:  all documents produced in this

3   action and all deposition testimony taken in this action, exhibits thereto and any

4   video or transcripts thereof.

5       8.   "Disclose" means to show, give, make available, reproduce,

6   communicate or excerpt any Discovery Material, or any part or contents thereof.

7   **B.   Good Cause**

8       This action involves a dispute between plaintiff Federal Deposit

9   Insurance Corporation, as Receiver for IndyMac Bank, F.S.B.; and defendants

10  Commerce Land And Title, Inc., d/b/a Commerce Title Company; Ali Reza

11  Shekarchian; Mohammed Reza Shekarchian; and does 1 through 10, and relates to

12  actions taking in connection with the funding and acquisition of a mortgage loan.

13  As such, this litigation will involve the review and analysis of Loan Origination

14  Files, Loan Servicing Files, Foreclosure files, Repurchase Demand Files and other

15  Personal Records of individuals who applied for and obtained mortgage loans at

16  issue. Good cause exists to grant the Parties' request for a Protective Order to (1)

17  preserve the privacy interests of third party borrowers; (2) protect the confidential

18  business records and proprietary information of the plaintiff and defendant; and (3)

19  allow the Parties to exchange information in the most expeditious fashion possible,

20  with a minimum burden, expense, dispute, and delay.  Pursuant to 15 U.S.C. §

21  6802(e)(8), the production of non-public personal financial information, protected

22  by the measures set out in this Protective Order, shall not constitute a violation of

23  the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. (*Marks v. Global*

24  *Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003).)

25  **C.   Scope of Protective Order**

26      1.   This Protective Order applies to all Parties to this action and

27  their counsel as well as retained and non-retained experts and/or consultants.

28      2.   Nothing in this Protective Order shall require disclosure of any

4

information or material that is protected from disclosure by any applicable privilege.

3.   Any Party hereto may make a good faith objection to the designation of any document, response, testimony, or information as "Confidential Information" by the Designating Person, and may make a motion for an order compelling disclosure of and/or access to such material without restriction, after attempting to resolve the objection with the Designating Person.  Prior to the submission of any dispute to the Court, the challenging Party shall provide written notice to the Designating Person of its disagreement with the designation, and those Persons shall try first to resolve such a dispute in good faith. Pending the resolution of any such objection or motion, any Discovery Material, the confidentiality of which is disputed, shall remain subject to the terms of this Protective Order.  A Party shall not be obligated to challenge the propriety of information designed as Confidential Information at the time the designation is made and failure to do so shall not preclude a subsequent challenge thereto.

4.   This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or Person with respect to information designated as "Confidential Information" pursuant to this Protective Order.  The fact that information is or is not designated as "Confidential Information" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

5.   This Protective Order shall not govern the use by a Party of any Discovery Material otherwise lawfully in its possession, notwithstanding the fact that the Party either produces that Discovery Material in the course of discovery in this action or receives a duplicate copy of that Discovery Material through discovery in this action.

6.   The Parties may agree to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section

II of this Protective Order, and nothing in the provisions of this Protective Order shall be deemed to preclude any Person from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

7.    Discovery Material shall not be disclosed to any Person or entity except as expressly set forth herein. All Discovery Material produced or provided by any Designating Person shall be used by the parties only in connection with this litigation   Otherwise, except by order of the Court, such Discovery Material shall not be used by any Party other than the producing Party for any other purpose.

8.    Inadvertent production of privileged information shall not constitute a waiver of any applicable privilege. Upon written notice by the producing or designating Party that privileged information was inadvertently produced, all Parties shall destroy or return all copies of the information to the producing or designating Party within ten (10) days of such notice.

## II.    CONFIDENTIAL INFORMATION

### A.    Designation of Confidential Information

1.    A Designating Person, who reasonably believes in good faith that a Document being produced contains Confidential Information, may designate such Document as containing such information only by: (1) Bates stamping such Document; and (2) stamping such Document with the following legend: "CONFIDENTIAL INFORMATION."

2.    Failure of any Designating Person to designate Confidential Information in the manner described in Paragraph 1 hereof shall not preclude any Designating Person from thereafter in good faith making such a designation.

### B.    Qualified Person Re Confidential Information

Any document or other Discovery Material designated as "Confidential Information" may be disclosed only to the following Persons and/or

6

entities:

        1.     The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

        2.     Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

        3.     Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

        4.     Witnesses in the course of a deposition taken in this action;

        5.     The Parties to this action, and those officers, directors, managing agents, or employees of the Parties hereto who are actively engaged in the preparation of this action for trial or for other resolution;

        6.     Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution.

Prior to the provision of Confidential Information to any Person identified in Paragraph 6 hereof, such Person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND, Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation, the obligation to protect Confidential Information from discovery by unauthorized co-employees and third Persons.

**C.**    **Limited Use of Confidential Information**

Documents and Discovery Material designated "Confidential Information" shall be used solely for this lawsuit, and shall not be used for any other purpose, including, but not limited to, any other litigation, arbitration, or claim.

7

## D.     Filing Confidential Information

Without written permission from the Designating Person or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Document.  A Party that seeks to file under seal any Confidential Document must comply with Civil Local Rule 79-5.1.  A Confidential Document may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Document at issue. Pursuant to Civil Local Rule 79-5.1, a sealing order will issue only upon a request establishing that the Confidential Document at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a party's request to file Confidential Document under seal pursuant to Civil Local Rule 79-5.1 is denied by the Court, then the Party may file the information in the public record pursuant to Civil Local Rule 79-5.4 unless otherwise instructed by the Court.

## E.     Hearing Re Confidential Information

Counsel for any Party may request that any hearing or testimony with respect to information that has been designated "Confidential Information" by that Party shall be held in camera and the transcripts thereof sealed as provided in Section II, above.

## F.     Depositions Re Confidential Information

The Parties may use Confidential Documents and Confidential Information during depositions in this action. In the event that any document or other Discovery Material designated as "Confidential Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Confidential Information, any Party may request within twenty (20) days after receipt of the transcript of the deposition (through written notice to all Parties) that any portion of such deposition transcript relating to Confidential Information be designated pursuant to this Protective Order.  If the designation is made after the court reporter has prepared the transcript, each

counsel shall be responsible for appropriately labeling all of his or her copies of such deposition transcript.

Any Party also may request at the deposition (through a notation on the record) that the portion of the deposition transcript relating to such Confidential Information be treated as follows:

The reporter shall separately bind the portion(s) of the transcript containing Confidential Information, and any exhibit(s) to the deposition designated as "Confidential Information," and shall mark such portion(s) and exhibit(s) substantially as follows:

CONFIDENTIAL INFORMATION

FDIC v. COMMERCE LAND et al.

Case No. LACV11-5418 GHK (JEMx)

### III.  POST-DISCOVERY TREATMENT OF DESIGNATED INFORMATION

1.    This Protective Order shall not govern at trial.  The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated pursuant to this Protective Order and shall, prior to trial, submit such proposed procedures to the Court for its approval or modification.

2.    Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the Receiving Party, be returned to counsel for the Producing Party or to the Designating Persons or destroyed and a certificate of destruction provided.  If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the Party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned and disposed of pursuant to this Protective Order.

3.    No part of the terms of this Protective Order may be

1   terminated, except by the written stipulation executed by counsel of record for

2   each Party, or by an order of this Court for good cause shown. This Protective

3   Order shall survive any final disposition of this case, and after termination of this

4   action, the Court shall retain jurisdiction to enforce or modify this Protective

5   Order.

6          4.     If at any time any Confidential Information protected by this

7   Protective Order is subpoenaed or requested by any court, administrative or

8   legislative body, person or entity, other than a Party to this action purporting to

9   have authority to require the production of such information, the Party to whom

10  the subpoena or other request is directed shall not produce the Confidential

11  information until the party seeking to maintain confidentiality has had thirty (30)

12  calendar days to seek an appropriate order after notice from the subpoenaed Party.

13         IT IS SO STIPULATED.

14

15  DATED: July 11, 2012              MORTGAGE RECOVERY LAW GROUP

16                                    By:  */s/ Orlando Villalba*_____

17                                       ORLANDO VILLALBA
                                      Attorneys for Plaintiff
18

19  DATED: July 11, 2012              MARCUS, WATANABE & DAVE, LLP

20

21                                    By*:   /s/ Daniel Enowitz*_____

22                                       Daniel Enowitz
                                      Attorneys for Defendant
23                                    COMMERCE LAND AND TITLE, INC.,
                                      d/b/A COMMERCE TITLE COMPANY, a
24                                    Nevada corporation,

25

26

27

28

DATED: July 11, 2012                    AFIFI LAW GROUP


                                        By:   /s/ Faryan Andrew Afifi
                                             FARYAN ANDREW AFIFI
                                        Attorneys for Defendant
                                        ALI REZA SHEKARCHIAN, an individual
                                        MOHAMMED REZA SHEKARCHIAN,
                                        an individual


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: July 16, 2012           By:  /s/John E. McDermott
                                    Magistrate Judge John E. McDermott

11

**Exhibit A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND**

I, _____, declare that:

My address is _____; my present occupation is _____; and I am currently employed by _____ _____.  I have been retained by _____ with respect to this litigation.

I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in Paragraph B.6 thereof as being able to be given access to Confidential Information.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Confidential Information that I receive in this action, except to the extent that such Confidential Information is or becomes public domain information or otherwise is not deemed Confidential Information in accordance with the Protective Order.

I agree to subject myself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of proceedings relating to my performance under, in compliance with, or violation of this Protective Order.

I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct. Executed:

_____

Print Name: